IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MISSOURI ELECTRIC COOPERATIVES, d/b/a Association of Missouri Electric Cooperatives, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF MISSOURI, et al., <br><br> Defendants. | Case No. 17-04006-CV-C-ODS |

## ORDER AND OPINION DENYING MOVANT TODD JONES'S MOTION TO INTERVENE

Pending is Movant Todd Jones's ("Jones") Motion to Intervene. Doc. #32. Jones invokes a right to intervene under Rule 24(a) and, alternatively, asks for permission to intervene pursuant to Rule 24(b). For the reasons below, Jones's motion is denied.

### I. BACKGROUND

Plaintiffs challenge the constitutionality of Initiative Petition 2016-007, which was adopted by Missouri voters on November 8, 2016 and added to Article VIII of the Missouri Constitution as Section 23. Section 23 regulates certain political campaign contributions among and to various covered entities. Defendants State of Missouri, the Missouri Ethics Commission, and its Commissioners are charged with implementing and enforcing Section 23.

Jones seeks to intervene on behalf of Defendants. He is "an individual, tax payer and contributes to various political campaigns and as such is subject to campaign finance laws, regulations and disclosures" and "an unelected citizen of the State of Missouri." Doc. #33, at 2. Jones "makes campaign contributions which are reported to the Missouri Ethics Commission and the outcome of this litigation will effective[ly] dilute his campaign contributions." *Id.*, at 4. Jones states, "[i]f this Court strikes down Article VIII Section 23 of the Missouri Constitution and certain entities are empowered to make unlimited campaign contributions it will have the effect of diluting [Jones's] campaign

contributions." *Id.*, at 2. Jones argues his interests are not adequately represented absent his intervention in this matter because "[Defendants] must represent the interests of all Missouri citizens, including those that seek to make unlimited campaign contributions." *Id.*

## II. DISCUSSION

### A. Intervention of Right

Federal Rule of Civil Procedure 24(a)(2) bestows a right to intervene on any party who "claims an interest related to...the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." In addition to meeting these requirements, a would-be intervenor must demonstrate it has standing under Article III of the Constitution. *E.g.*, *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 833-34 (8th Cir. 2009).

#### 1. Standing

To demonstrate standing, a proposed intervenor must show: (1) injury-in-fact, (2) causation, and (3) redressability. *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560-61 (1992). In particular, the injury must be "an invasion of a legally protected interest that is concrete, particularized, and either actual or imminent." *Curry v. Regents of the Univ. of Minn.,* 167 F.3d 420, 422 (8th Cir. 1999). The alleged injury must also be "fairly traceable to the defendant's conduct" and capable of being remedied by a favorable decision. *Metro. St. Louis Sewer Dist.*, 569 F.3d at 834.

Jones alleges an injury because, without Section 23, his ability to make meaningful political campaign donations will be diluted by large donations Plaintiffs wish to make. Jones's interest in meaningful campaign contributions and preventing dilution of his contributions is not a legally protected interest sufficient to establish injury-in-fact. *See Shrink Mo. Gov't PAC v. Maupin*, 922 F. Supp. 1413, 1420 (E.D. Mo. 1996) (citing *Buckley v. Valeo*, 424 U.S. 1, 48-49 (1976)) ("The State's governmental interest in providing a 'level playing field' was clearly rejected as a 'compelling state interest' by the

2

*Buckley* Court.").[1] Jones argues Plaintiffs cite their ability to make contributions to establish Article III standing, but his injury is unlike the injuries alleged by Plaintiffs. Plaintiffs allege Section 23 prevents the type of donations they wish to make. Unlike Plaintiffs, Jones wishes to continue to make his small-dollar campaign contributions, but Section 23 does not prevent him from doing so. Jones's alleged injury is insufficient to establish he has standing to intervene.

Moreover, Jones's injury is not particularized. Jones argues his injury is not one suffered by all Missouri voters because not all Missouri voters make political campaign contributions. Therefore, Jones argues, he is representative of a unique class of voters who voted to pass the ballot initiative and make campaign contributions. Despite his effort to characterize this alleged injury as particularized, Jones's complaint is one shared by all who voted for the ballot initiative. This generalized grievance shared in common by all voters is insufficient to establish standing. *See Nolles v. State Comm. for Reorganziation of Sch. Dists.*, 524 F.3d 892, 900 (8th Cir. 2008). Jones has not established he has standing to intervene.

### 2. Intervention of Right

Were the Court to find Jones has standing to intervene, he has not satisfied Rule 24(a)(2)'s requirements to intervene. "[A] putative intervenor must establish that it: (1) has a recognized interest in the subject matter of the litigation that (2) might be impaired by the disposition of the case and that (3) will not be adequately protected by the existing parties." *N. Dakota ex rel. Stenehjem v. United States*, 787 F.3d 918, 921 (8th Cir. 2015) (citation omitted). "[I]f an existing party to the suit is charged with the responsibility of representing the intervenor's interests, a presumption of adequate representation arises." *Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir. 1997). "[T]he burden is greater if the named party is a government entity that represents interests common to the public." *Little Rock Sch. Dist. v. N. Little Rock Sch. Dist.*, 378

---

[1] Jones also asserts he has a legally protected interest sufficient to establish standing because Section 23's "purpose is to address excessive campaign contributions that create a potential for corruption and appearance of corruption and that allows wealthy corporations to exercise a disproportionate level of influence over the political process." Doc. #46, at 2. Jones cites no case law supporting this position.

3

F.3d 774, 780 (8th Cir. 2004) (citing *Curry*, 167 F.3d at 423 (describing *parens patriae* doctrine)). "We presume that the government entity adequately represents the public, and we require the party seeking to intervene to make a strong showing of inadequate representation; for example, it may show that its interests are distinct and cannot be subsumed within the public interest represented by the government entity." *Id.* "A difference of opinion concerning litigation strategy or individual aspects of a remedy does not overcome the presumption of adequate representation." *Jenkins ex rel. Jenkins v. State of Mo.*, 78 F.3d 1270, 1275 (8th Cir. 1996) (citation omitted).

Jones has not demonstrated his interests are inadequately represented by Defendants. Defendants are charged with implementing and enforcing Section 23. Jones argues Defendants do not have a personal stake in enforcing the law and do not make political contributions. The Court notes Defendants oppose Plaintiffs' motion for a preliminary injunction and continue to litigate this matter consistent with its role in implementing and enforcing Section 23. Even if Jones established standing, he has not persuaded this Court that his interests are not adequately represented by Defendants. According, the Court denies Jones's motion to intervene on this ground.

### B. Permissive Intervention

Federal Rule of Civil Procedure 24(b)(1)(B) allows a court discretion to permit intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "While Rule 24 promotes judicial economy by facilitating, where constitutionally permissible, the participation of interested parties in others' lawsuits, the fact remains that a federal case is a limited affair, and not everyone with an opinion is invited to attend." *Mausolf v. Babbitt*, 85 F.3d 1295, 1301 (8th Cir. 1996). As discussed above, Jones has not established his intervention is constitutionally permissible because he cannot establish standing. Moreover, the Court believes Defendants are adequately representing, and will continue to do so, Jones's interests as a Missouri voter, tax payer, and contributor to political campaigns. Given this, the Court exercises its discretion to deny Jones's motion to intervene.

4

## III.  CONCLUSION

For the above reasons, Jones's motion to intervene (Doc. #32) is denied.

IT IS SO ORDERED.

                                            /s/ Ortrie D. Smith
                                            ORTRIE D. SMITH, SENIOR JUDGE
DATE: February 6, 2017                 UNITED STATES DISTRICT COURT